UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

BRIAN K. BELL, *for minor children*,

                              Plaintiff,      **No. 6:18-cv-06336(MAT)**
                                                          **DECISION AND ORDER**

          -vs-

CAYUGA COUNTY DEPARTMENT OF SOCIAL
SERVICES, and HILLSIDE FAMILY OF
AGENCIES,

                              Defendants.

---

## I. Introduction

Proceeding *pro se*, plaintiff Brian K. Bell ("Plaintiff") instituted this action by filing a complaint (Docket No. 1) dated May 2, 2018. Before the Court is Plaintiff's motion to proceed *in forma pauperis* under 28 U.S.C. § 1915(a). The Court finds that Plaintiff's supporting affirmation sufficiently establishes his inability to pay for the prosecution of his case. Accordingly, Plaintiff's motion for *in forma pauperis* status (Docket No. 2) is granted. The Court has also reviewed the complaint as required by 28 U.S.C. § 1915(e)(2) ("Section 1915(e)(2)"). As discussed below, Plaintiff lacks standing to bring the claims set forth in his complaint, and has failed to state a claim on which relief could be granted. Accordingly, his complaint is dismissed *sua sponte*, without leave to amend. In addition, because the Court finds that Plaintiff's complaint must be dismissed, his motion for appointment of counsel (Docket No. 3) is denied as moot.

## II. Screening of the Complaint under Section 1915(e)(2)

### A. Legal Standard

Under Section 1915(e)(2), the Court must conduct an initial screening of a *pro se* litigant's complaint and must dismiss if it is "frivolous or malicious"; "fails to state a claim upon which relief may be granted"; or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). "An action is 'frivolous' for § 1915(e) purposes if it has no arguable basis in law or fact, as is the case if it is based on an 'indisputably meritless legal theory.'" *Montero v. Travis*, 171 F.3d 757, 759 (2d Cir. 1999) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).

### B. Factual Background

Plaintiff's complaint contains scant factual allegations. He alleges that from 2015 to 2018, employees of defendant the Cayuga County Department of Social Services ("Cayuga DHS") ignored medical advice regarding the treatment of children, causing "repeated trauma to children and long term damage to children's ability to properly act in a public or privit manor [sic]." Docket No. 1 at 4. He further alleges that from 2014 to 2018, employees of defendant the Hillside Family of Agencies ("Hillside") ignored doctors' advice and recommendations, resulting in harm to the children in their care. *Id*. Plaintiff seeks to assert claims against both the Cayuga DHS and Hillside pursuant to 42 U.S.C. § 1983.

## C. Lack of Standing

"Article III, § 2 of the United States Constitution restricts federal courts to deciding 'Cases' and 'Controversies' and thus imposes what the Supreme Court has described as the 'irreducible constitutional minimum of standing,' — injury-in-fact, causation, and redressability. To establish Article III standing, a plaintiff must therefore allege, and ultimately prove, that he has suffered an injury-in-fact that is fairly traceable to the challenged action of the defendant, and which is likely to be redressed by the requested relief." *Baur v. Veneman*, 352 F.3d 625, 631–32 (2d Cir.2003) (*quoting Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)). In order to maintain an action on behalf of a third-party (as Plaintiff seeks to do in this case), one must demonstrate "(1) injury to the plaintiff, (2) a close relationship between the plaintiff and the third party that would cause plaintiff to be an effective advocate for the third party's rights, and (3) some hindrance to the third party's ability to protect his or her own interests." *Camacho v. Brandon*, 317 F.3d 153, 159 (2d Cir. 2003) (internal quotation omitted).

In this case, Plaintiff purports to bring this claim not on his own behalf, but on behalf of unidentified "minor children." However, Plaintiff cannot satisfy the elements necessary to support third-party standing. First, he has not alleged any injury to himself. Second, he has not alleged that he has a relationship with the minor children allegedly injured by Defendants, such that

he could be expected to effectively advocate on their behalf. Moreover, to the extent the complaint may be read as seeking to assert a class action on behalf of the minor children allegedly harmed by Defendants, "non-attorneys cannot represent anyone other than themselves and cannot prosecute class actions on behalf of others." *Daniels v. Niagara Mohawk Power Corp.*, No. 04-CV-0734S(SC), 2004 WL 2315088, at *1 (W.D.N.Y. Oct. 12, 2004). As such, Plaintiff's claims are subject to dismissal, because he has not established that he has standing to bring them and because, as a non-attorney, he cannot bring a class action or represent anyone other than himself.

**D. Claim against Cayuga DHS**

Plaintiff's claim against Cayuga DHS is also subject to dismissal because that entity is not a proper defendant. Federal Rule of Civil Procedure 17(b) provides that the capacity of a county department such as Cayuga DHS to sue or be sue is determined with reference to New York State law. "Under New York law, departments which are merely administrative arms of a municipality have no separate legal identity apart from the municipality and therefore cannot sue or be sued." *S.W. by J.W. v. Warren*, 528 F. Supp. 2d 282, 302 (S.D.N.Y. 2007) (dismissing claims against Orange County Department of Health); *see also McKenzie v. Cty. of Erie*, 2013 WL 5348084, at *2 (W.D.N.Y. Sept. 23, 2013) (dismissing claims against various departments of Erie County on same basis).

**E. Claim Against Hillside**

Finally, Plaintiff's claim against Hillside must also be dismissed because Hillside is not a state actor, but is instead a not-for-profit human services organization. "To state a claim under 42 U.S.C. § 1983, plaintiffs must allege, *inter alia*, that the wrongful conduct was committed by a person acting under color of state law." *Schindler v. French*, 232 F. App'x 17, 19 (2d Cir. 2007); *see also Washington v. Cnty. of Rockland*, 373 F.3d 310, 315 (2d Cir. 2004) ("Section 1983 authorizes a court to grant relief when a party's constitutional rights have been violated by a state or local official or other person acting under color of state law."); *Archer v. Econ. Opportunity Comm'n of Nassau Cty. Inc.*, 30 F. Supp. 2d 600, 604–05 (E.D.N.Y. 1998) ("Private individuals and entities are not normally liable for violations of rights secured by the United States Constitution. In order to maintain a claim based on alleged constitutional violations, a plaintiff must show that the actions complained of are fairly attributable to the government.") (internal quotation omitted). Here, Plaintiff has failed to make any allegations from which a factfinder could conclude that Hillside, a private entity, was acting under color of state law when it allegedly engaged in wrongful acts against minor children. As such, Plaintiff's claim against Hillside must be dismissed on this basis, as well.

**G. Plaintiff Will not be Given an Opportunity to Amend**

The Second Circuit has held that "when addressing a *pro se* complaint, a district court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Thompson v. Carter*, 284 F.3d 411, 416 (2d Cir. 2002) (quotations and citation omitted). However, in this case, for the reasons discussed at length above, the flaws in Plaintiff's claims are substantive, and cannot be cured through additional pleading. Accordingly, the Court finds that dismissal without leave to amend is warranted in this case.

## III. Conclusion

For the foregoing reasons, Plaintiff's motion for *in pauperis status* (Docket No. 2) is granted, and Plaintiff's complaint is dismissed *sua sponte* without leave to amend. Plaintiff's motion for appointment of counsel (Docket No. 3) is denied as moot. The Clerk of the Court is instructed to close this case. The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *See Coppedge v. United States*, 369 U.S. 438 (1962).

**ALL OF THE ABOVE IS SO ORDERED.**

S/Michael A. Telesca

HON. MICHAEL A. TELESCA
United States District Judge

Dated: May 7, 2018
Rochester, New York.